Alan Van Praag
Edward W. Floyd
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910
avanpraag@evw.com
efloyd@evw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MERCURIA ENERGY TRADING S.A., and
THE OWNERS OF THE CARGO LOADED ONBOARD
THE M/V ENERGY PUMA ON OR ABOUT 31 JULY 2010,

                          Plaintiffs,

   -against-

STARR INDEMNITY & LIABILITY COMPANY, STARR
MARINE AGENCY, INC., SAYBOLT LP, ROUGHSTONE
MARINE LTD., ENTERPRISES SHIPPING AND TRADING
S.A., and GOLDEN ENERGY MANAGEMENT S.A.,

                          Defendants.
------------------------------------------------------------------------x

Case No. 11 Civ. 5333(DLC)
ECF CASE

**COMPLAINT IN ADMIRALTY**

       Plaintiffs, Mercuria Energy Trading S.A. ("Mercuria") and the Owners of the Cargo Loaded Onboard the M/V Energy Puma On or About 31 July 2010 (collectively, "Plaintiffs"), by and through their below signed attorneys, for their Complaint against defendants, Starr Indemnity & Liability Company ("Starr Indemnity"), Starr Marine Agency, Inc. ("Starr Marine"), Saybolt LP ("Saybolt"), Roughstone Marine Ltd. ("Roughstone"), Enterprises Shipping and Trading S.A. ("Enterprises"), and Golden Energy Management S.A. ("Golden") (collectively, "Defendants"), hereby state, on information and belief, as follows:

## PARTIES

1. Plaintiffs are corporations or other business entities organized and existing under the laws of foreign states with principal places of business in foreign states.

2. Starr Indemnity and Starr Marine are corporations or other business entities organized and existing under the laws of one or more states with principal places of business in New York.

3. Saybolt LP is a corporation or other business entity organized under the laws of Delaware with a principal place of business in Louisiana.

4. Roughstone, Enterprises, and Golden are corporations or other business entities organized and existing under the laws of foreign countries with principal places of business in foreign countries.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333 because it is a case of admiralty or maritime jurisdiction and presents admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

7. As is more fully discussed below, by way of this action, Mercuria demands relief for damages it suffered from the contamination, other damage, and/or negligent misrepresentation, with regard to a cargo of Ultra Low Sulfur Diesel (the "Cargo") during transportation from Saint Charles, Louisiana (the "Load Port") to Ceyhan, Turkey (the "Discharge Port").

8. On or about July 31, 2010, the cargo was loaded onboard the M/V Energy Puma (the "Vessel") pursuant to a charter party between non-party Merrill Lynch Commodities, Inc. ("Merrill") (or a subsidiary acting on Merrill's behalf) (as charterers) and Roughstone, Enterprises, and Golden (as owners).

9. As ordinarily occurs, several other events took place at or about the time of loading:

   a. the Vessel issued a bill of lading calling for delivery of the Cargo "to the order of Merrill";

   b. Saybolt conducted an analysis of the Cargo and issued a certification confirming the Cargo's quality specifications; and

   c. Merrill obtained maritime insurance coverage for the Cargo from Starr Indemnity and/or Starr Marine (the "Insurance Policy") which expressly provided that payment for any loss would be made to Mercuria.

10. Thereafter, while the vessel was en route to the Discharge Port, Merrill sold the Cargo to Mercuria pursuant to an agreement that set forth the Cargo's required quality and quantity specifications (the "Cargo Sale").

11. Mercuria also entered into an agreement for the Cargo's onward sale at the Discharge Port.

12. However, analyses performed at the Discharge Port determined that the Cargo did not comply with the necessary specifications for the sales.

13. As a result of the foregoing, Mercuria has suffered, and is continuing to incur, substantial damages in an amount to be determined at trial but currently estimated to equal approximately $490,000.

## FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT
### AGAINST STARR INDEMNITY AND STARR MARINE)

14. Paragraphs 1 through 13 of this Complaint are repeated and realleged as if the same were set forth here at length.

15. The Cargo was insured by Starr Indemnity and/or Starr Marine pursuant to their Certificate of Insurance identified as Certificate No. 5803781000006.

16. At all material times, the Cargo was covered by the Insurance Policy against damage and loss, including the type of damage and loss that is the subject of this action.

17. Pursuant the Insurance Policy, Starr Indemnity and/or Starr Marine are obligated to indemnify, hold harmless, and defend Plaintiffs for the damages they have suffered, and continue to incur, in connection with the Cargo loss described herein.

18. However, Starr Indemnity and/or Starr Marine have not, so far, indemnified, held harmless, and defended Plaintiffs.

19. Given the foregoing, an actual controversy involving maritime insurance coverage exists between Plaintiffs and Starr Indemnity and/or Starr Marine within the meaning of 28 U.S.C. § 2201.

20. Accordingly, this Court is vested with the power to, and should, declare that Starr Indemnity and/or Starr Marine are obligated to indemnify, hold harmless, and defend Plaintiffs

in connection with all damages and losses arising from the events described herein, in an amount to be determined at trial but currently estimated to equal approximately $490,000.

## SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT BY ROUGHSTONE, ENTERPRISES, AND GOLDEN)

21.     Paragraphs 1 through 20 of this Complaint are repeated and realleged as if the same were set forth here at length.

22.     Roughstone, Enterprises, and Golden owed a contractual obligation to Plaintiffs to properly and carefully load, handle, stow, carry, keep, care for, and discharge the Cargo as well as to exercise due diligence to ensure the seaworthiness of the Vessel.

23.     However, the Cargo became contaminated or otherwise damaged during the period of time while it was onboard the Vessel.

24.     Roughstone, Enterprises, and Golden thereby breached their contractual obligations owed to the Plaintiffs and caused the Plaintiffs to suffer, and continue to incur, substantial damages in an amount to be determined at trial but currently estimated to equal approximately $490,000.

## THIRD CAUSE OF ACTION
### (NEGLIGENCE AGAINST ROUGHSTONE, ENTERPRISES, AND GOLDEN)

25.     Paragraphs 1 through 24 of this Complaint are repeated and realleged as if the same were set forth here at length.

26.     Roughstone, Enterprises, and Golden knew or should have known that the Cargo would be sold during the course of the Vessel's voyage and that the purchasers or the Cargo would suffer substantial damages if Roughstone, Enterprises, and Golden negligently loaded,

handled, stowed, carried, kept, cared for, or discharged the Cargo or otherwise failed to exercise due diligence to ensure the seaworthiness of the Vessel.

27. Roughstone, Enterprises, and Golden owed an obligation to Plaintiffs to properly and carefully load, handle, stow, carry, keep, care for, and discharge the Cargo as well as to exercise due diligence to ensure the seaworthiness of the Vessel.

28. However, the Cargo became contaminated or otherwise damaged during the period of time while it was onboard the Vessel due to Roughstone's, Enterprises', and Golden's negligence or other tortious conduct.

29. Roughstone, Enterprises, and Golden thereby breached obligations owed to the Plaintiffs and caused the Plaintiffs to suffer, and continue to incur, substantial damages in an amount to be determined at trial but currently estimated to equal approximately $490,000.

## FOURTH CAUSE OF ACTION
### (NEGLIGENT MISREPRESENTATION AGAINST SAYBOLT)

30. Paragraphs 1 through 29 of this Complaint are repeated and realleged as if the same were set forth here at length.

31. Saybolt is a professional organization that issues formal, written certifications which are essential to commerce such as the transactions at issue in this matter.

32. At all material times, Saybolt knew that sellers and buyers of goods to be transported by sea rely on written certifications, such as those provided by Saybolt herein, for the purpose of determining the actual value of a vessel's cargo.

33. At all material times, Saybolt knew, or should have known, that its certifications regarding the Cargo would be relied upon by purchasers, such as Plaintiffs, when determining whether to purchase the Cargo and at what price.

34.     At all material times, Saybolt knew, or should have known, that the certifications it issued concerning the Cargo's quantity and quality were being prepared for, *inter alia*, the benefit of buyers such as Plaintiffs.

35.     However, Saybolt failed to exercise reasonable or due care in its sampling, inspection and testing of the Cargo and its issuance of inaccurate certifications.

36.     Plaintiffs relied on Saybolt's certifications when purchasing the Cargo which would not have occurred but for Saybolt's failure to exercise reasonable or due care and, as a result, Plaintiffs suffered substantial damages.

37.     By reason of the foregoing, Saybolt has committed the tort of negligent misrepresentation against the Plaintiffs and caused the Plaintiffs to suffer, and continue to incur, substantial damages in an amount to be determined at trial but currently estimated to equal approximately $490,000.

WHEREFORE, Plaintiffs pray as follows:

(a) That the Court declare and decree that Starr Indemnity and Starr Marine are obligated to indemnify, hold harmless, and defend Plaintiffs for all damages suffered as a result of the events described herein, in an amount to be determined at trial but currently estimated to equal approximately $490,000;

(b) That the Court issue judgment holding Roughstone, Enterprises, Golden, and Saybolt jointly and severally liable to Plaintiffs for all damages suffered as a result of the events described herein, in an amount to be determined at trial but currently estimated to equal approximately $490,000; and

(c) That the Court grant such other and further relief as may be just, proper and equitable in the premises.

Dated: New York, New York
July 29, 2011

                EATON & VAN WINKLE LLP

                By:   s/Edward W. Floyd
                        Edward W. Floyd

                3 Park Avenue, 16th Floor
                New York, New York 10016
                (212) 779-9910
                efloyd@evw.com

                *Attorneys for Plaintiffs*